IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:08CR444 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHARLES E. NELSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | Case No. 8:08CR447 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMBER J. JOHNS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | Case No. 8:08CR449 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEREMY NANCE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On March 12, 2009, a hearing was held on the government's motions to consolidate each of the above captioned cases for trial (Filing No. 23 in 8:08CR444-Nelson, Filing No. 23 in 8:08CR447-Johns, and Filing No. 24 in 8:08CR449-Nance). Defendants Nelson and Nance object to consolidation for the reasons stated in their briefs and the arguments

presented at the hearing. Defendant Johns filed no objection or response to the government's motion.

After consideration of the filings and arguments at hearing, I find the motion should be granted.

In Count I of each indictment, the defendants are charged with conspiring with one Antwan L. Wright to distribute and possess with intent to distribute 5 grams or more of crack cocaine during the time period from March 2008 until December 14, 2008. The remaining counts charge specific instances of possession with the intention to distribute crack cocaine, i.e., by Charles E. Nelson on October 29, 2008 and November 4, 2008; by Amber J. Johns on November 16, 2008; and by Jeremy Nance on October 25, 2008 and November 4, 2008.

> The Federal Rules of Criminal Procedure liberally encourage the joining of parties and charges in a single trial. Rule 8(a) provides for joinder of charges that are similar in character, or arise from the same transaction or from connected transactions or form part of a common scheme or plan. Rule 8(b) provides for joinder of defendants. Rule 13 provides for joinder of separate indictments or informations in a single trial where the offenses alleged could have been included in one indictment or information. These rules represent considered modern thought concerning the proper structuring of criminal litigation.

*Ashe v. Swenson*, 397 U.S. 436, 454-55 (1970) (Brennan, J., concurring) (footnote omitted).

Under Fed. R. Crim. P. 8(b),

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 13 of the Federal Rules of Criminal Procedure provides: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."

The government argues each of the conspiracy charges against Nelson, Johns, and Nance stem from the same investigation and involve the same evidence. The Court recognized in *Zafiro v. United States*, 506 U.S. 534, 537 (1993), that "there is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts.'" (quoting *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)). "This preference is tempered, however, where 'joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government.'" *United States v. Jordan*, 2008 WL 2901816 at *5, Nos. 3:07CR44 & 3:07CR89 (E.D. Tenn., Jul 22, 2008) (quoting *Zafiro*, 506 U.S. at 538). Rule 13 is permissive rather than mandatory, and even when trying the cases together is permitted, it is still within the court's discretion to try the cases separately. *Id.*

> [S]everance, as permitted by Rule 14, is only required when there exists a real risk of prejudice. *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). The mere fact that a defendant would have a better chance of acquittal if he were tried separately, or that there might be a disparity in the weight of the evidence as between defendants, does not provide a proper basis for severance. *Id.* Severance is proper only if a defendant can demonstrate that his defense is irreconcilable with that of his codefendants or that the jury would be unable to compartmentalize the evidence as it relates to the separate defendants. *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). Thus, [the defendant] is not entitled to severance unless he can show a serious risk that a joint trial would compromise a

> specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  *Zafiro*, 506 U.S. at 539.

*United States v. Johnson*, 2007 WL 2303613 at *7, Case No. 06-4002 (W.D. Mo., Aug. 8, 2007).

In deciding whether to permit joinder of defendants, the trial court must accept the factual allegations of the indictment as true.  *United States v. v. Agboola*, 2001 WL 1640094 at *7, Cases Nos. 00-100, 01-124 & 01-162 (D. Minn., Oct. 31, 2001) (citing *United States v. Cannington*, 729 F.2d 702, 710 (11th Cir. 1984)).  In this instance, the conspiracy charges against each defendant are identical.  Each defendant is charged with participating in the same crack distribution conspiracy involving the same supplier over the same time frame. The substantive counts of possession with intent to distribute are of the same or similar character, or are connected with or constitute parts of a common scheme or plan.   The trials of these cases would not be complicated or extended, and it does not appear that any of the defendants will be unfairly prejudiced if the cases are consolidated for trial.  *See* Fed. R. Crim. P. 8(a).

The court finds that the interests of justice are best served by joinder.

**IT IS ORDERED,** regarding the government's Motion for Joint Trial:

1)  Filing No. 23, in 8:08CR444 - Charles E. Nelson, is granted, and Nelson's objection (Filing No. 31) is overruled;

2)  Filing No. 23, in 8:08CR447 - Amber J. Johns, is granted; and

3)  Filing No. 24, in 8:08CR449 - Jeremy Nance, is granted.

4)  The Clerk shall amend the records of the court to show that Cases Nos. 8:08CR444, 8:08CR447 and 8:08CR449 are consolidated for trial.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

**DATED March 13, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**